# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHANE MARTIN BARNETT, an individual, | )<br>)<br>) |
| Plaintiff/Counterclaim Defendant, | ) Case No. CIV-20-211-SLP<br>)<br>) |
| v. | )<br>) |
| (1) TROO CLEAN ENVIRONMENTAL, LLC, an Ohio limited liability company,<br>(2) OWEN DAVID, an individual,<br>(3) TYLER DAVID, an individual,<br>(4) ORIN DAVID, an individual, and<br>(5) ROY MALONE, an individual, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants/Counterclaim Plaintiffs. | ) |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Troo Clean Environmental, LLC; Owen David; Tyler David; Orin David; and Roy Malone (collectively, "Defendants" or "Counterclaim Plaintiffs"), through their undersigned counsel, submit this Answer, Affirmative Defenses and Counterclaims to Plaintiff Shane Martin Barnett ("Plaintiff" or "Barnett") First Amended Complaint as follows:

## I.
## PARTIES

1. Defendants admit the allegations in Paragraph 1 of Plaintiff's Complaint.

2. Defendants admit the allegations in Paragraph 2 of Plaintiff's Complaint.[1]

3. Defendants admit the allegations in Paragraph 3 of Plaintiff's Complaint.

4. Defendants admit the allegations in Paragraph 4 of Plaintiff's Complaint.

5. Defendants admit the allegations in Paragraph 5 of Plaintiff's Complaint.

6. Defendants admit the allegations in Paragraph 6 of Plaintiff's Complaint.

## II.
## JURISDICTION AND VENUE

7. The allegations in Paragraph 7 of Plaintiff's Complaint are admitted in part and denied in part. Defendants admit that the amount in controversy in this action exceeds $75,000.00, exclusive of interests and costs. The remaining allegations in Paragraph 7 of Plaintiff's Complaint are denied.

8. Defendants deny the allegations in Paragraph 8 of Plaintiff's Complaint.

## III.
## FACTS APPLICABLE TO ALL CLAIMS

9. Defendants admit the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendants admit the allegations in Paragraph 10 of Plaintiff's Complaint.

11. To the extent the allegations in Paragraph 11 purport to restate the contents of the Conditional Equipment Purchase Agreement, Defendants respond that the Conditional Equipment Purchase Agreement is the best evidence of its contents and

---

[1] Troo Clean Environmental, LLC has never operated as a going concern. Currently, Troo Clean Environmental, LLC is not conducting any business and its water purification equipment is disassembled and waiting for repossession by the equipment owner.

speaks for itself. Accordingly, Defendants deny the allegations of this Paragraph to the extent the allegations mischaracterize the Conditional Equipment Purchase Agreement.

12. The allegations in Paragraph 12 of Plaintiff's Complaint are admitted in part and denied in part. Defendants admit that on or about May 12, 2017, the five Troo Clean Members executed an Operating Agreement for Troo Clean. The remaining allegations in Paragraph 12 of Plaintiff's Complaint are denied. By way of further response, to the extent the allegations in Paragraph 12 purport to restate the contents of the Operating Agreement, Defendants respond that the Operating Agreement is the best evidence of its contents and speak for itself. Accordingly, Defendants deny the allegations of this Paragraph to the extent the allegations mischaracterize the Operating Agreement. By way of further response, the version of the Operating Agreement upon which Plaintiff has been relying has been fraudulently altered and is not the Operating Agreement executed by Defendants.

13. Defendants deny the allegations in Paragraph 13 of Plaintiff's Complaint.
14. Defendants deny the allegations in Paragraph 14 of Plaintiff's Complaint.
15. Defendants deny the allegations in Paragraph 15 of Plaintiff's Complaint.
16. Defendants deny the allegations in Paragraph 16 of Plaintiff's Complaint.
17. Defendants deny the allegations in Paragraph 17 of Plaintiff's Complaint.
18. Defendants deny the allegations in Paragraph 18 of Plaintiff's Complaint.
19. Defendants deny the allegations in Paragraph 19 of Plaintiff's Complaint.

20. The allegations in Paragraph 20 of Plaintiff's Complaint are admitted in part and denied in part. Defendants admit that in December 2017, Troo Clean and Apateq entered into a "Conditional Equipment Purchase Agreement Amendment 1." To the extent the allegations in Paragraph 20 purport to restate the contents of the Conditional Equipment Purchase Agreement Amendment 1, Defendants respond that the Conditional Equipment Purchase Agreement Amendment 1 is the best evidence of its contents and speaks for itself. Accordingly, Defendants deny the allegations of this Paragraph to the extent the allegations mischaracterize the Conditional Equipment Purchase Agreement Amendment 1.

21. Defendants deny the allegations in Paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the allegations in Paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the allegations in Paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations in Paragraph 24 of Plaintiff's Complaint.

25. The allegations in Paragraph 25 of Plaintiff's Complaint are admitted in part and denied in part. Defendants admit that on or about March 10, 2018, a Form 1065 federal tax return for Troo Clean for tax year 2017 was filed. The remaining allegations in Paragraph 25 of Plaintiff's Complaint are denied.

26. The allegations in Paragraph 26 of Plaintiff's Complaint are admitted in part and denied in part. Defendants admit that on or about September 25, 2019, a Form

1065 federal tax return for Troo Clean for tax year 2018 was filed. The remaining allegations in Paragraph 26 of Plaintiff's Complaint are denied.

27. Defendants deny the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations in Paragraph 28 of Plaintiff's Complaint.

29. The allegations in Paragraph 29 of Plaintiff's Complaint are admitted in part and denied in part. Defendants admit that in late August 2019, after a period of time in which Barnett complained about wanting his investment back, Owen David and Tyler David proposed a buy-out of Barnett's ownership interest in Troo Clean. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 29 of Plaintiff's Complaint; those remaining allegations, therefore, are effectively denied.

30. Defendants deny the allegations in Paragraph 30 of Plaintiff's Complaint.

31. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of Plaintiff's Complaint; those allegations, therefore, are effectively denied.

32. Defendants deny the allegations in Paragraph 32 of Plaintiff's Complaint.

33. Defendants deny the allegations in Paragraph 33 of Plaintiff's Complaint.

34. The allegations in Paragraph 34 of Plaintiff's Complaint are admitted in part and denied in part. Defendants admit that on or about October 16, 2019, Barnett sold his ownership interest in Troo Clean for the sum of $550,000 pursuant to a "Withdrawal

Agreement." The remaining allegations in Paragraph 34 of Plaintiff's Complaint are denied.

35. Defendants deny the allegations in Paragraph 35 of Plaintiff's Complaint.

## COUNT 1[2]
## FRAUD / FRAUD IN THE INDUCEMENT

36. Defendants deny the allegations in Paragraph 36 of Plaintiff's Complaint.

37. Defendants deny the allegations in Paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations in Paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations in Paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations in Paragraph 40 of Plaintiff's Complaint.

## COUNT 2[3]
## MISREPRESENTATION AND DECEIT

41. Defendants deny the allegations in Paragraph 41 of Plaintiff's Complaint.

42. Defendants deny the allegations in Paragraph 42 of Plaintiff's Complaint.

43. Defendants deny the allegations in Paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegations in Paragraph 44 of Plaintiff's Complaint.

## COUNT 3[4]
## CIVIL CONSPIRACY

45. Defendants deny the allegations in Paragraph 45 of Plaintiff's Complaint.

---

[2] Pursuant to this Court's February 3, 2021 Order granting in part and denying in part Defendant's Motion to Dismiss [ECF 35], Counts 1-4 have been dismissed against Troo Clean Environmental, LLC.
[3] *See supra* note 2.
[4] *See supra* note 2.

46. Defendants deny the allegations in Paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegations in Paragraph 47 of Plaintiff's Complaint.

## COUNT 4[5]
## BREACH OF FIDUCIARY DUTY

48. Defendants deny the allegations in Paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegations in Paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations in Paragraph 50 of Plaintiff's Complaint.

## COUNT 5
## BREACH OF THE PROMISSORY NOTE

51. Paragraph 51 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 51 of Plaintiff's Complaint are denied.

52. Defendants deny the allegations in Paragraph 52 of Plaintiff's Complaint.

53. Defendants deny the allegations in Paragraph 53 of Plaintiff's Complaint.

## COUNT 6
## SPECIFIC PERFORMANCE

54. Defendants deny the allegations in the paragraph incorrectly listed as Paragraph 53 of Plaintiff's Complaint.

55. Defendants deny the allegations in the paragraph incorrectly listed as Paragraph 54 of Plaintiff's Complaint.

---

[5] *See supra* note 2.

56. Defendants deny the allegations in the paragraph incorrectly listed as Paragraph 55 of Plaintiff's Complaint.

In response to Plaintiff's prayer for relief in the Paragraph that begins "Wherefore," Defendants deny any allegations contained therein and deny that they are in any way responsible or indebted to Plaintiff in any manner or amount whatsoever.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state claims upon which relief can be granted.

2. Plaintiff has failed to join all necessary and indispensable parties.

3. Allegations in Plaintiff's Complaint which are not specifically admitted are denied.

4. Plaintiff's claims are barred in whole or in part due to lack of jurisdiction.

5. Plaintiff's claims are barred in whole or in part due to the doctrine of accord and satisfaction.

6. Plaintiff's claims are barred in whole or in part by their release.

7. Plaintiff's claims are barred in whole or in part due to lack of reliance.

8. Plaintiff's claims are barred in whole or in part due to lack of causation.

9. Plaintiff's claims are barred in whole or in part because Defendants' actions were justified and privileged.

10. Plaintiff's claims are barred in whole or in part by the conditions and limitations of the agreements executed by the parties.

11. Plaintiff's claims are barred in whole or in part due to the negligence, errors, acts or omissions of Plaintiff.

12. Plaintiff's claims are barred in whole or in part by Plaintiff's material breach.

13. Plaintiff's claims are barred in whole or in part by Plaintiff's misrepresentations.

14. Plaintiff's claims are barred in whole or in part because the damages complained of, if any, were the result of actions of parties over which Defendants have no control.

15. The damages that Plaintiff seeks to recover in this lawsuit are a result of his own actions, and Plaintiff is barred from recovering damages for injury which he alone has caused.

16. Plaintiff has failed to mitigate its damages.

17. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

18. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

19. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, equitable estoppel, promissory estoppel and/or quasi-estoppel.

20. Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification.

21. Plaintiff's claims are barred, in whole or in part, by Plaintiff's own fraud.

22. Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

23. The parol evidence rule and the merger doctrine bar Plaintiff from seeking to alter, modify or vary the unambiguous terms of the Conditional Equipment Purchase Agreement, Operating Agreement, Withdrawal Agreement, or Promissory Note.

24. The parol evidence rule and the merger doctrine bar Plaintiff from recovering on any cause of action that would require altering, modifying or varying the unambiguous terms of the Conditional Equipment Purchase Agreement, Operating Agreement, Withdrawal Agreement, or Promissory Note.

25. By alleging the foregoing defenses, Defendants do not represent that it will bear the burden of proof on any of the foregoing defenses. In addition, Plaintiffs do not intend to waive its right to require Plaintiff to bear the burden of proof on any claim for which Plaintiff must bear the burden of proof under the law.

26. Defendants specifically do not waive any defenses provided by statute or the Federal Rules of Civil Procedure, pursuant to FRCP 8, FRCP 12, or otherwise.

27. Defendants reserve the right to assert all other affirmative defenses to the extent that further investigation or discovery reveals facts to show that any such defenses may be pertinent herein.

## COUNTERCLAIMS

### COUNT 1
### BREACH OF CONTRACT

28. On or about October 16, 2019, Barnett and Counterclaim Plaintiffs executed a "Mutual Release of All Claims and Demands Withdrawal from Membership" Agreement (the "Withdrawal Agreement"). A copy of the Withdrawal Agreement is attached hereto as **Exhibit 1.**

29. Pursuant to the Withdrawal Agreement, Barnett, in consideration of the payment of the sum of $550,000, compromised, released and settled all claims and actions "as stated, or which may have or could arise from said claims" made by Barnett against the Counterclaim Plaintiffs.

30. Also in consideration of the payment of $550,000, Barnett agreed not to use or disclose any confidential or proprietary information regarding Troo Clean or its assets to any person.

31. Counterclaim Plaintiffs satisfied its contractual obligations by providing payment of $550,000 to Barnett. This payment represented repayment to Barnett of his investment, plus additional funds. Every other member in Troo Clean has lost substantial amounts of money, which is highly unlikely ever to be recouped.

32. Barnett breached the Withdrawal Agreement by asserting and continuing to assert claims and actions against Defendants, including this above-captioned matter.

33. Barnett also breached the Withdrawal Agreement by using and/or disclosing confidential or proprietary information regarding Troo Clean and its asserts, including by not limited to (1) Counterclaim Plaintiffs' business interactions with Apateq, (2) Troo Clean's finances, (3) and Counterclaim Plaintiffs' business interactions with Empire Pipeline, LLC.

34. Barnett's breach has caused Counterclaim Plaintiffs to suffer substantial monetary damages.

WHEREFORE, Defendants/Counterclaim Plaintiffs respectfully request that judgment be entered in their favor and against Shawn Martin Barnett for compensatory, consequential, punitive, and other damages together with pre-judgment interest, attorneys' fees, costs of this action and such other and further relief that this Court deems appropriate.

## COUNT II
## UNJUST ENRICHMENT

35. The averments of the preceding paragraphs are incorporated herein as if fully set forth.

36. In the alternative to Count I, and as permitted by Federal Rules of Civil Procedure 8(d), Counterclaim Plaintiffs assert this count for unjust enrichment/*quantum meruit*.

37. A benefit was conferred to Barnett by Counterclaim Plaintiffs.

38. Specifically, Counterclaim Plaintiffs paid Barnett $550,000 in exchange for Barnett compromising, releasing, and settling all claims and actions that were made or could be made by Barnett against Counterclaim Plaintiffs.

39. Barnett recognized the payment of $550,000 and appreciated this benefit conferred to him by Counterclaim Plaintiffs.

40. By continuing to assert claims, including the meritless above-captioned matter, despite Counterclaim Plaintiffs' payment of $550,000, Barnett acceptance and retention of the $550,000 is inequitable.

41. As a result of Barnett's inequitable acceptance and retention, Counterclaim Plaintiffs suffered, and continues to suffer, various damages.

WHEREFORE, Defendants/Counterclaim Plaintiffs respectfully requests that judgment be entered in its favor and against Shawn Martin Barnett for compensatory, consequential, punitive, and other damages together with pre-judgment interest, attorneys' fees, costs of this action and such other and further relief that this Court deems appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants/Counterclaim Plaintiffs pray that judgment be entered in Defendants/Counterclaim Plaintiffs' favor and against Barnett, and for such other further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**       Respectfully submitted,

*s/ Steven J. Johnson*
Larry D. Ottaway-OBA# 6816
Steven J. Johnson-OBA# 16132
FOLIART, HUFF, OTTAWAY & BOTTOM
201 Robert S. Kerr Avenue, 12th Floor
Oklahoma City, OK  73102
T:  405-232-4633
F:  405-232-3462
larryottaway@oklahomacounsel.com
stevejohnson@oklahomacounsel.com
-and-
William J. Moorhead (admitted pro hac vice)
BUCHANAN INGERSOLL & ROONEY PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburg, PA 15219
T: 412-562-3962
william.moorhead@bipc.com

ATTORNEYS FOR DEFENDANTS
TROO CLEAN ENVIRONMENTAL, LLC,
OWEN DAVID, TYLER DAVID,
ORIN DAVID, AND ROY MALONE

Date: July 2, 2021